```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSE COREA,

                Petitioner,          MEMORANDUM & ORDER
                                     06-CV-3827(JS)
        -against-

PAUL ANNETTS,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Jose Corea, pro se
                   02-A-3147
                   Downstate Correctional Facility
                   Box F. Red Schoolhouse Road
                   Fishkill, NY 12524-0445

For Respondent:    Anne E. Oh, Esq.
                   District Attorney of Suffolk County
                   Criminal Courts Building
                   200 Center Drive
                   Riverhead, New York 11901
```

SEYBERT, District Judge:

Petitioner, Jose Corea ("Corea" or "Petitioner"), proceeding pro se, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Corea's petition is denied in its entirety.

FACTS AND PROCEDURAL HISTORY

On June 2, 2002, Petitioner and a companion attempted to flirt with 14-year-old Caroline Bonilla ("Caroline") outside of the Ajacatla restaurant, in Brentwood, New York. However, their advances were thwarted when Caroline's two older brothers ordered that she go inside the restaurant. Petitioner became noticeably

angry at this interference.

Later that evening, Petitioner returned to the restaurant with 15-20 of his cohorts. Eric Bonilla ("Eric"), Caroline's older brother, and his family members were outside of the restaurant when Petitioner and his friends approached. Armed with bats and knives, the large group of men brutally attacked Eric, breaking his arm with a bat and stabbing his liver. Eric managed to escape into the restaurant and call the police.

Petitioner and his cohorts also attacked Mark Hernandez ("Hernandez"), Eric's brother, who escaped after being struck with a bat. Confused after the chaotic attack, Hernandez mistakenly believed that Petitioner and his friends had taken Eric with them in a car. Hernandez thus jumped into his car and followed one of the vehicles as it attempted to flee the scene. Before losing sight of the car, Hernandez managed to call the police and provide them with a description of the vehicle.

Later that same day, the police recovered the car that Hernandez had chased and discovered that Petitioner was the registered owner of the vehicle. Perhaps in an attempt to thwart his own arrest, Petitioner called the police and fabricated a story; Petitioner claimed that he had been carjacked at knifepoint at the Ajacatla restaurant and that his carjackers had attacked Eric while Petitioner remained in the car. Petitioner's assailants then forced Petitioner out of the vehicle and told him to flee the

scene. However, Petitioner's carjacking story was contradicted by the fact that Petitioner arrived at the police station with his car keys. When asked about this, Petitioner changed his story and admitted that he was at the scene of Eric's attack, but stated that he only drove and had not stabbed anyone.

The officers arrested Petitioner after determining that Petitioner was not truthful about his lack of involvement in the attack. Caroline later identified Petitioner in a line-up and stated that she witnessed Petitioner holding a knife during the melee. Hernandez also identified Petitioner as the driver of the car he had pursued.

On March 8, 2002, a Suffolk County jury convicted Petitioner of Gang Assault in the First Degree and Assault in the Third Degree. Prior to his sentencing, Petitioner moved to set aside the verdict on the grounds of newly-discovered evidence. The Suffolk County Court denied Petitioner's motion, and on May 17, 2002, sentenced Petitioner to a determinate term of incarceration of ten years on the Gang Assault in the First Degree and a definite period of imprisonment of one year on the Assault in the Third Degree.

On January 10, 2006, the Appellate Division, Second Department affirmed Petitioner's judgment of conviction, but as a matter of discretion and in the interests of justice, vacated the conviction of assault in the third degree and dismissed this count.

People v. Corea, 25 A.D.3d 563 (N.Y. App. Div. 2d Dep't 2006). The New York State Court of Appeals denied leave to appeal on April 11, 2006. People v. Corea, 6 N.Y.3d 846, 849 N.E.2d 975, 816 N.Y.S.2d 752 (2006).

On March 3, 2006, Petitioner filed a motion to vacate his judgment pursuant to New York Criminal Procedure Law § 440.10. Petitioner argued that he received ineffective assistance of counsel because his attorney did not move to suppress Petitioner's statements to the police, and that the statements were illegally obtained and should not have been admitted at trial. On April 10, 2006, the Suffolk County Court denied Petitioner's motion, and on July 19, 2006, the Appellate Division, Second Department, denied Petitioner's application for leave to appeal.

On August 3, 2006, Petitioner filed this application for a writ of habeas corpus alleging that (1) he received ineffective assistance of counsel; (2) insufficient evidence existed to prove his guilt beyond a reasonable doubt; (3) the prosecution delivered an inadequate opening statement; and (4) the trial court erred when it denied Petitioner's motion to set aside his conviction based on newly-discovered evidence.

## DISCUSSION

I. Federal Habeas Review of State Convictions

Petitioner filed this action after the April 24, 1996, effective date of the Anti-terrorism and Effective Death Penalty

Act of 1996 ("AEDPA"). Accordingly, AEDPA's provisions apply to his case. Williams v. Taylor, 529 U.S. 362, 402, 120 S. Ct. 1479, 1518, 146 L. Ed. 2d 389 (2000). Under the provisions of 28 U.S.C. § 2254(d), a habeas corpus application must be denied unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This deferential review is applied as long as the "federal claim has been 'adjudicated on the merits' by the state court." Cotto v. Herbert, 331 F.3d 217, 231 (2d Cir. 2003). "A state court adjudicates a petitioner's federal constitutional claims on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." Norde v. Keane, 294 F.3d 401, 410 (2d Cir. 2002) (internal citations and quotations omitted).

"Clearly established federal law refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision." Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005) (internal citations and quotations omitted). A decision is "contrary to" established federal law if it either "applies a rule that contradicts the governing law set

forth in" a Supreme Court case, or it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." Penry v. Johnson, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L. Ed. 2d 9 (2001) (internal quotations and citations omitted). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Penry, 532 U.S. at 792. Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). As a result, Petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." Id. This is "particularly important when reviewing the trial court's assessment of witness credibility." Cotto, 331 F.3d at 233 (internal citations and quotations omitted).

II. Petitioner's Claims

    A. Petitioner Received Effective Assistance of Counsel

        Petitioner asserts that he received ineffective

assistance of counsel because counsel did not seek to suppress Petitioner's statements to the police. This same argument was rejected by the Appellate Division on appeal. See People v. Corea, 808 N.Y.S.2d 719, 720 (N.Y. App. Div. 2d Dep't 2006. Thus, the deferential standard to the state courts established in AEDPA must be applied here because this claim was adjudicated on the merits. Applying this standard, the Court finds that the Appellate Division's finding was not contrary to, or involve an unreasonable application of, clearly established Federal law.

Under the Sixth Amendment, a criminal defendant has "the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). However, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 2068, 80 L. Ed. 2d 674 (1984). To prevail on an ineffective assistance of counsel claim, Petitioner must demonstrate both (1) that "counsel's representation fell below an objective standard of reasonableness" measured under "prevailing professional norms," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694.

"Failure to make a meritless argument does not amount to ineffective assistance." United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999). Here, it is clear to the Court that Petitioner's statements to the police were voluntarily made in a non-custodial setting. Thus, any motion to suppress these statements would not have been successful. Accordingly, counsel was not ineffective for failing to file a motion to suppress Petitioner's statements.

    B.   Sufficiency of the Evidence

"The Due Process Clause of the Fourteenth Amendment prohibits conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged.'" Einaugler v. Supreme Court of the State of New York, 109 F.3d 836, 840 (2d Cir. 1997) (quoting In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d. 368 (1970)). Petitioner is only "entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92, 61 L. Ed. 2d 560 (1979). The evidence must be viewed "in the light most favorable to the prosecution." Id. at 319. When challenging the sufficiency of the evidence in a state criminal conviction, petitioner "bears a heavy burden." Einaugler, 109 F.3d at 840. Additionally, "the government receives the benefit of having all permissible inferences drawn in its favor."

Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) (citing United States v. Martinez, 54 F.3d 1040, 1042 (2d Cir. 1995)). Furthermore, the verdict can "be based entirely on circumstantial evidence." Martinez, 54 F.3d at 1043.

On appeal, the Appellate Division rejected Petitioner's sufficiency of the evidence argument, holding,

> The defendant's contention that the People failed to adduce legally sufficient evidence of his guilt beyond a reasonable doubt is unpreserved for appellate review . . . . In any event, viewing the evidence in the light most favorable to the prosecution . . . we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

People v. Corea, 808 N.Y.S.2d 719, 720 (N.Y. App. Div. 2d Dep't 2006) (internal citations omitted).

"A federal court may not review a state prisoner's federal claims if the claims were denied in state court pursuant to an independent and adequate state procedural rule." Escalona v. Sears, No. 06-CV-6769, 2008 U.S. Dist. LEXIS 79529, at *23 (E.D.N.Y. Oct. 8, 2008); see also Whaley v. Graham, No. 06-CV-3843, 2008 U.S. Dist. LEXIS 82987, at *21 (E.D.N.Y. Oct. 15, 2008) (holding that the petitioner's claims were procedurally barred from federal habeas review because "in disposing of petitioner's claims, the Appellate Division provided a plain statement that the two claims in this petition were unpreserved for appellate review under established New York law."). The state court's "reliance on state

law must be 'clear from the face of the opinion.'" Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 732, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)).

Here, the state court held that Petitioner's insufficiency of the evidence claim was unpreserved for appellate review. People v. Corea, 808 N.Y.S.2d 719, 720 (N.Y. App. Div. 2d Dep't 2006). Although the state court went on to state, "[i]n any event," Petitioner's arguments were without merit, this alternative holding does not open the door for federal court review. "[E]ven when a state court says that a claim is 'not preserved for appellate review' but then rules 'in any event' on the merits, such a claim is procedurally defaulted." Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005); see also Cherry v. Walsh, No. 09-CV-1452, 2009 U.S. Dist. LEXIS 75373, at *28 (E.D.N.Y. Aug. 25, 2009) ("A state court's holding that a claim is unpreserved and without merit constitutes reliance on an independent state law ground.").

Because the Appellate Court rested its decision on an adequate and independent state ground, the Court cannot review Petitioner's claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749-750, 111 S. Ct. 2546, 115 L.

Ed. 2d 640 (1991); see also Fama, 235 F.3d at 809. Petitioner fails to satisfy either of the two Coleman standards.

In any event, Petitioner's claim is utterly without merit. There was more than sufficient evidence to support Petitioner's conviction, including Caroline and Hernandez's eyewitness identification of Petitioner as one of Eric's attackers, and Petitioner's fabricated story to the police after the incident. Given the considerable evidence that supports Petitioner's guilt, Petitioner fails to meet the demanding standard for overturning the jury's verdict. Thus, Petitioner's claim for insufficiency of the evidence is without merit.

C. Adequacy of the Prosecution's Opening Statement

Petitioner maintains that the prosecution provided an inadequate opening statement with respect the Gang Assault in the First Degree charge. On appeal, the Appellate Division held that the prosecutor's opening statement complied with N.Y. C.P.L. § 260.30 because it "adequately described what the People intended to prove, and properly prepared the jury to resolve the factual issues at the trial." People v. Corea, 25 A.D.3d 563, 564 (N.Y. App. Div. 2d Dep't 2006).

Petitioner has not explained how the prosecutor's opening statement violated Petitioner's constitutional rights; rather, Petitioner's claim is solely that the prosecutor allegedly failed to comply with a New York State criminal procedure statute. It is

well-established that a federal court may entertain only the claims in a state prisoner's habeas corpus petition that claim a violation of the Constitution, laws, or treaties of the United States. Petitioner's argument that the prosecution failed to comply with New York Criminal Procedure Law § 260.30 does not raise a federal claim, and thus must be dismissed. See Beverly v. Walker, 899 F. Supp. 900, 908 (N.D.N.Y 1995) (dismissing the petitioner's argument that the prosecutor violated N.Y. Criminal Procedure Law § 260.30 by failing to make an adequate opening statement to the jury because this claim "allege[d] state law violations, and petitioner has not shown that the alleged violations [rose] to the level of federal constitutional violations.").

To the extent that the petition, very liberally read, claims a violation of due process, the Court has reviewed the opening statement and finds that it did not contain any unduly prejudicial or inflammatory statements.

D. The Trial Court did not Err in Denying Petitioner's Motion to Set Aside the Verdict

Petitioner maintains that the trial court erred in failing to set aside Petitioner's verdict on the grounds of newly-discovered evidence.[1] The Appellate Division rejected this claim, holding

---

[1] The Court declines to address Respondent's argument that this claim is unexhausted because the Court finds that the claim is, in any event, without merit.

> The trial court properly denied the defendant's motion to set aside the verdict pursuant to C.P.L. § 330.30 (3) based on newly-discovered evidence, as the defendant failed to establish that the evidence could not have been produced at the trial with due diligence and was of such a character as to create a probability that, had it been received in evidence, the verdict would have been more favorable to the defendant . . . . The newly-discovered evidence proffered by the defendant merely impeached and contradicted former evidence, and thus did not warrant the granting of a new trial.

People v. Corea, 25 A.D.3d 563, 564 (N.Y. App. Div. 2d Dep't 2006).

"[N]ewly discovered evidence only warrants habeas relief where it bears on the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state petitioner is not a ground for relief on federal habeas corpus." Bowers v. Miller, No. 05-CV-6023L, 2009 U.S. Dist. LEXIS 59766, at * 40-41 (W.D.N.Y. July 10, 2009) (quotation marks and citations omitted). Here, Petitioner has failed to allege any underlying constitutional injury, and thus fails to state a claim reviewable on a federal habeas corpus petition.

In any event, Petitioner's claim is without merit. The trial court properly denied Petitioner's motion because Petitioner's alleged newly-discovered evidence could have been discovered earlier, and it was unlikely to have affected the outcome of Petitioner's trial. The allegedly newly-discovered

evidence consisted of a sworn statement by Herbert Morales ("Morales"), a witness who claimed that he witnessed the assault and saw four men exiting a white Toyota. Morales stated that he recognized three of the men as Carlos Baez, Marloz Baez, and "Giovanni," and that he did not recognize the fourth man. Morales further stated that he did not see Petitioner's co-defendant Edwin Larios at the altercation.

The trial court correctly found that this sworn statement would not have impacted the outcome of Petitioner's trial. Petitioner is not mentioned whatsoever in Morales' affidavit. The affidavit, at best, contradicted eye-witness testimony that co-defendant Larios participated in the melee; however, it is unlikely to have had any impact whatsoever on the jury's finding with respect to Petitioner's guilt. Additionally, as the trial court correctly held, Petitioner had not established that he could not have discovered the existence of the eye-witness and his testimony during and prior to Petitioner's trial. Thus, the trial court's decision to deny Petitioner's motion did not, in any manner, violate Petitioner's constitutional rights.

III. A Certificate of Appealability is Denied

The Court will not issue a certificate of appealability in this case. Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C § 2253. The issues involved in this case are not debatable among reasonable jurors, a

court could not resolve the issues in a different manner, and the questions involved do not deserve encouragement to proceed further. See Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's writ of habeas corpus in its entirety. The Court will not issue a certificate of appealability. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 28, 2009
       Central Islip, New York